UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MOOSE WOOD PRODUCTS, INC., | ) | |
| f/k/a Kevlaur Industries, Inc., | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-206-DBH |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| DEFENDANT | ) | |

**DECISION AND ORDER DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO TRANSFER VENUE**

The defendant's motion to dismiss is **GRANTED**.[1]

The Complaint, as amended, claims that the defendant Home Depot failed to comply with a single source or exclusive dealing contract with the plaintiff Moose Wood Products Inc. for supply of mulch and related products needed for sale by Home Depot in the year 2006. (The Complaint itself does not contain any dates, but the email exchange, which the plaintiff subsequently attached in its motion to amend, makes clear that any agreement had to do with 2006 alone.) The plaintiff filed this lawsuit for breach of contract in state court on May 18, 2011. State Court Complaint (Docket Item

---

[1] The result is the same if the motion is treated alternatively as a motion for judgment on the pleadings or motion for summary judgment.

1-1). The defendant then removed it to federal court based upon diversity of citizenship. Notice of Removal (Docket Item 1).

Under Uniform Commercial Code § 2-725(1) (2011), a lawsuit for breach of any contract must be commenced within four years after the cause of action accrues. James J. White & Robert S. Summers, UNIFORM COMMERCIAL CODE § 11-9 (5th ed. 2006) ("Subsection (1) of 2-725 provides that '[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued'"). Here the cause of action accrued no later than December 31, 2006, more than four years before the plaintiff filed its complaint. The plaintiff seeks to avoid the statute of limitations defense by arguing that its exclusive dealing contract is not a contract for the sale of goods subject to the U.C.C. But it is; it has only to do with the sale of goods (landscaping materials such as mulch). The alleged agreement attached in the exhibit provides one of the terms for the sale of goods contract between the parties during 2006 and essentially makes it a requirements contract, Roger Edwards, LLC v. Fiddes & Son, Ltd., 245 F. Supp. 2d 251, 260 (D. Me. 2003), aff'd, 387 F.3d 90 (1st Cir. 2004) ("[a] requirements contract [under the U.C.C.] is a contract that, although it does not establish the amount that a buyer must purchase from the seller, prohibits the buyer from purchasing from other sellers."), enforceable under § 2-306. That conclusion follows whether I apply Georgia law, where Home Depot is located, or Maine law, where the plaintiff is located. The Michigan case the plaintiff cites, Lorenz Co. v. American Standard, 358 N.W. 2d 845, 847 (Mich. 1984), is not to the contrary. There the

court dealt with a distributorship agreement that contained <u>no</u> quantity term, and the court stated that a requirements or output term of a contract would have sufficed.

The defendant's motion to transfer venue is **MOOT**.

**SO ORDERED.**

**DATED THIS 31ST DAY OF AUGUST, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**